IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TILLIE FISCHER,                )
                               )
         Plaintiff,            )
                               )
     v.                        )   No. 11 C 1665
                               )
CATERPILLAR, INC.,             )
                               )
         Defendant.            )

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Caterpillar Inc.'s (Caterpillar) motion to dismiss Counts I-III. For the reasons stated below, the motion to dismiss is granted.

# BACKGROUND

Plaintiff Tillie Fischer (Fischer) allegedly began working for Caterpillar in December 1973. In May 1997, Fischer allegedly took medical leave from Caterpillar for an angioplasty. Fischer contends that although her physician approved her return to work after three weeks of taking medical leave, Caterpillar refused to allow Fischer to return to work until one year following Fischer's angioplasty. Fischer

1

claims that when she was allowed to return to work, she was placed in the medical group to do office work and that employees in the medical group were not eligible for raises or overtime. Fischer also contends that while she was in the medical group, she was discouraged by management from applying to any other positions within Caterpillar because of her medical restrictions. Around February 2007, Fischer allegedly took an inspection test in order to obtain employment outside the medical group. Fischer allegedly passed the test, but Caterpillar refused to provide her with a position outside the medical group. In January 2008, two of Fischer's medical restrictions were removed and she was allegedly finally placed in an inspector position in the inspection employment group. However, while in the inspection group, Fischer was allegedly not afforded the same raises which were given to other inspectors.

Fischer brought the instant action and includes in her complaint a disability claim brought under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* (Count I), an age discrimination claim brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* (Count II), a sex discrimination claim brought under the Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.* (Count III), and a race discrimination claim brought under 42 U.S.C. § 1981 (Section 1981) (Count IV). Caterpillar moves to dismiss Counts I-III.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

## DISCUSSION

Caterpillar argues that the ADA claim (Count I), the ADEA claim (Count II), and the Title VII claim (Count III) should be dismissed as untimely. Since the relevant dates relating to the pertinent limitations period are either included in the complaint or are matters of public record, Caterpillar can raise this argument at the

motion to dismiss stage. *See Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009)(stating that "the statute of limitations may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense'")(quoting *United States v. Lewis,* 411 F.3d 838, 842 (7th Cir. 2005)).

I.  EEOC Right-To-Sue Letter

Caterpillar argues that Fischer failed to bring her claims within 90 days after receiving notice of her right to sue by the Equal Employment Opportunity Commission (EEOC).  Fischer alleges in the complaint that she received her right-to-sue letter in July 2009.  (Compl. Par. 6).  Fischer originally filed her complaint in this court on October 16, 2009 in case number 09 C 6532.  On March 9, 2010, Fischer filed a stipulation to dismiss under which she voluntarily agreed to dismiss that action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  On March 10, 2010, the court dismissed the action without prejudice.  On March 9, 2011, Fischer re-filed her complaint in the instant action well beyond 90 days after receipt of her right-to-sue letter.

A. Applicability of 90-day Deadline to ADA and ADEA Claims

Fischer argues that the case cited by Caterpillar is a case dealing with Title VII and thus, the 90-day deadline does not apply to her ADA and ADEA claims. However, a plaintiff seeking to file either an ADA, ADEA, or Title VII claim in Illinois must file such a claim within 90 days of being given notice of her right to sue by the EEOC. 42 U.S.C. § 12117(a); 29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f); *see also Prince v. Stewart*, 580 F.3d 571, 573 (7th Cir. 2009)(stating in Title VII and ADEA case that "the 90 days run from the date of receipt, not of mailing"); *Houston v. Sidley & Austin* 185 F.3d 837, 838-39 (7th Cir. 1999)(stating that "[u]nder the ADA, ADEA, and Title VII, a plaintiff must file her suit within 90 days from the date the EEOC gives notice of the right to sue").

Fischer also argues that the Illinois "saving" statute should apply to her ADA claim because the ADA does not have a specific statute of limitations, and cites *Soignier v. American Bd. of Plastic Surgery*, 92 F.3d 547, 550 (7th Cir. 1996) in support of her argument. (Ans. Dis. 2). However, in *Soignier*, the plaintiff's claim was based on Title III of the ADA, which "prohibits discrimination by a private entity offering a professional certification examination." 92 F.3d at 551. In the instant action, Fischer is bringing claims for disability discrimination against her employer under Title I of the ADA. (Compl. Par. 37); *Karraker v. Rent-A-Center,*

*Inc.*, 411 F.3d 831, 834 (7th Cir. 2005)(stating that "Title I of the ADA, 42 U.S.C. § 12111, is devoted to eliminating employment discrimination based on actual or perceived disabilities"). Thus, *Soignier* is not applicable in this case. Thus, the 90-day limitations period applies to the ADA, ADEA, and Title VII claims in this case.

### B. Voluntary Dismissal

Fischer argues that she originally filed her complaint in case number 09 C 6532 within the 90-day period, but only dismissed the case to pursue settlement possibilities. When a suit is voluntarily dismissed by a plaintiff pursuant to Rule 41(a), the suit "is treated as if it had never been filed" and the statute of limitations continues to run. *Beck v. Caterpillar Inc.*, 50 F.3d 405, 407 (7th Cir. 1995); *Robinson v. Willow Glen Academy*, 895 F.2d 1168, 1169 (7th Cir. 1990)(stating that when "a case is voluntarily dismissed pursuant to Rule 41(a)(2), the Federal Rules of Civil Procedure control and the action is treated as if it had never been filed"). Thus, regardless of Fischer's reason for the dismissal, when Fischer agreed to voluntarily dismiss her action on March 9, 2010, it was as though the complaint in case number 09 C 6532 had never been filed. The filing of the instant action on March 9, 2011, was well beyond the 90-day limitations period.

II.  Equitable Tolling

Fischer argues that the 90-day limitations period should be equitably tolled.  A party may have a limitations period tolled under the equitable tolling doctrine if the party establishes: "(1) that [s]he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in h[er] way and prevented timely filing." *Lee v. Cook County, Ill.*, 635 F.3d 969, 972 (7th Cir. 2011)(internal quotations omitted)(quoting in part *Holland v. Florida,* 130 S.Ct. 2549, 2562 (2010)); *see also Prince*, 580 F.3d at 573 (stating that "[e]quitable tolling is properly invoked in any case in which the court has led the plaintiff to believe that she had done everything required of her, . . . or has misled a party regarding the steps that the party needs to take to preserve a claim")(internal quotations omitted); *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990)(explaining the two equitable tolling doctrines).

Fischer argues that since she dismissed her original action to pursue a settlement and since settlement is encouraged by public policy, the 90-day limitations period should be equitably tolled.  However, simply because Fischer desired to pursue a settlement does not excuse her from her obligation to diligently prosecute her claims.  Fischer was not prevented from continuing with her original action while simultaneously pursuing settlement opportunities.  In addition, it was not as though

7

Fischer dismissed her original action before the 90-day limitations period ran. When Fischer dismissed the original action in March 2010, the 90-day limitations period was already long past. Fischer should have been aware that the 90-day limitations period had already passed and that dismissing the action would effectively foreclose her from pursuing some of her claims because of the limitations period.

Fischer also indicates in response to the instant motion that her decision to dismiss her original action was based on advice from her former counsel. Fischer was represented by such counsel and is bound by the decisions executed by such counsel. *See Hoosier Bancorp of Indiana, Inc. v. Rasmussen*, 90 F.3d 180, 183 (7th Cir. 1996)(finding that equitable tolling was not proper where plaintiffs' prior counsel made a good faith error in the law); *Bonds v. Coca-Cola Co.*, 806 F.2d 1324, 1329 (7th Cir. 1986)(stating that in regard to the equitable tolling doctrines, "civil litigants are bound by the decisions of their lawyers, even if these decisions prove mistaken"). Fischer has not shown that any conduct by former counsel warrants equitable tolling of the 90-day limitations period. Therefore, based on the above, Caterpillar's motion to dismiss Counts I-III is granted.

## CONCLUSION

Based on the foregoing analysis, Caterpillar's motion to dismiss Counts I-III is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   August 23, 2011