# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TILLIE FISCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11 C 1665 |
| | ) |
| CATERPILLAR, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Caterpillar Inc.'s (Caterpillar) motion for summary judgment. For the reasons stated below, the motion for summary judgment is granted.

## BACKGROUND

Plaintiff Tillie Fischer (Fischer) allegedly began working for Caterpillar in December 1973. In May 1997, Fischer allegedly took medical leave from Caterpillar for an angioplasty. Fischer contends that although her physician approved her return to work after three weeks of taking medical leave, Caterpillar refused to allow Fischer to return to work until one year following Fischer's angioplasty. Fischer claims that when she was allowed to return to work, she was placed in the medical

group to do office work and that employees in the medical group were not eligible for raises or overtime. Fischer also contends that while she was in the medical group, she was discouraged by management from applying for any other positions within Caterpillar because of her medical restrictions. Around February 2007, Fischer allegedly took an inspection test in order to obtain employment outside the medical group. Fischer contends that she passed the test, but Caterpillar refused to provide her with a position outside the medical group. In January 2008, two of Fischer's medical restrictions were removed, and she was placed in an inspector position in the inspection employment group. Fischer contends, however, that she was not given a wage increase as quickly as other inspectors. It is undisputed that Fischer is still currently employed as an inspector for Caterpillar.

Fischer brought the instant action and includes in her complaint a disability claim brought under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* (Count I), an age discrimination claim brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* (Count II), a sex discrimination claim brought under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.* (Count III), and a race discrimination claim brought under 42 U.S.C. § 1981 (Section 1981) (Count IV). Caterpillar moved to dismiss Counts I-III, and on August 23, 2011, this court granted the motion to dismiss. Caterpillar now moves for summary judgment on the Section 1981 race discrimination claim in Count IV.

**LEGAL STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©; *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" of material fact in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

Caterpillar argues that the Section 1981 claim is untimely, and that, even if the claim is timely, Fischer has failed to point to sufficient evidence to defeat Caterpillar's motion for summary judgment.

I. Statute of Limitations

Caterpillar argues that the Section 1981 claim was brought beyond the statute

of limitations and that it is therefore untimely. Section 1981 claims are subject to a four-year statute of limitations. *Sublett v. John Wiley & Sons, Inc.*, 463 F.3d 731, 735-36 (7th Cir. 2006)(citing *Jones v. R.R. Donnelley & Sons, Co.*, 541 U.S. 369 (2004)). Fischer contends that in 1998, her supervisor told her that she would not be eligible to work overtime. ® SF Par. 17). Fischer also contends that in 1998 or 1999, her supervisor told her that she would not be able to bid on other jobs. ® SF Par. 17). In addition, Fischer claims that in 2006, a union representative told her that she could not work overtime or bid on other jobs. ® SF Par. 17); (Fischer Dep. 107-108). Fischer also contends that in February 2007, she passed the inspector test and bid on the inspector position. ® SF Par. 39). Fischer also contends that her bids for the inspection position were rejected in early March 2007, and that on March 7, 2007, she contacted the Move Coordinator to inquire why her bids for the inspection position had been rejected. ® SF Par. 41); (Fischer Dep. 117). Fischer did not initiate the instant action until March 9, 2011, and the undisputed evidence shows that the events that Fischer bases her race discrimination claims upon occurred prior to March 9, 2007, which is outside the statute of limitations period.

Fischer argues that her race discrimination claim is not untimely based upon the continuing violation doctrine. In *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), the Supreme Court "held that 'discrete, discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.'" *Groesch v. City of Springfield, Ill.*, 635 F.3d 1020, 1027 (7th Cir 2011)(quoting *Morgan,* 536 U.S. at 113). Although the Supreme Court in *Morgan*

indicated that the continuing violation doctrine can apply to Section 1981 claims, the Court did so in the context of a hostile work environment claim, noting that a hostile work environment claim is based upon conduct that "occurs over a series of days or perhaps years [], in direct contrast to discrete acts. . . ." *Morgan*, 536 U.S. at 115; *see also Dandy v. United Parcel Service, Inc.*, 388 F.3d 263, 270 (7th Cir. 2004)(stating that in *Morgan* the court "permit[ted] 'consideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, . . . for the purpose of assessing liability, so long as an act contributing to that hostile environment takes place within the statutory time period'")(quoting *Morgan*, 536 U.S. at 105).

The conduct alleged by Fischer in this case involves discrete acts, such as when Fischer was allegedly told that she would not be eligible to work overtime and when she was denied the opportunity to bid on other jobs. The undisputed evidence shows that the discrete events that Fischer is relying upon in this case occurred outside the statute of limitations period. Fischer is bringing a race discrimination claim under Section 1981 and is not contending that she was subjected to a hostile work environment based upon the cumulative effect of various acts by Caterpillar. Thus, the continuing violation doctrine is not applicable in this case. Fischer has not shown that the Section 1981 race discrimination claim is timely. Nor has Fischer shown that any of the equitable tolling doctrines are applicable in this case. *See Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990)(explaining equitable tolling doctrines). Therefore, Caterpillar's motion for summary judgment

on the Section 1981 race discrimination claim is granted.

II. Direct and Indirect Method of Proof

Caterpillar argues that, even if the Section 1981 claim was timely, Fischer cannot defeat the instant motion under the direct or indirect method of proof. Fischer alleges in the complaint that she is Caucasian. (Compl. Par. 4). Therefore, her Section 1981 race discrimination claim is a reverse discrimination claim. *See, e.g., Everett v. Cook County*, 655 F.3d 723, 729 (7th Cir. 2011); *Baker v. Elmwood Distributing, Inc.*, 940 F.2d 1013, 1014 (7th Cir. 1991); *Graham v. Village of Dolton*, 2011 WL 43026, at *5 (N.D. Ill. 2011). A plaintiff who is bringing a reverse discrimination Section 1981 claim can defeat a defendant's motion for summary judgment under the direct or indirect method of proof. *Hague v. Thompson Distribution Co.*, 436 F.3d 816, 820 (7th Cir. 2006). Fischer does not argue that she can proceed under the direct method of proof, and Fischer has not pointed to sufficient direct or circumstantial evidence to proceed under the direct method of proof. However, Fischer argues that she can proceed under the indirect method of proof.

For a reverse discrimination claim, in order to establish a *prima facie* case under the indirect method of proof, the plaintiff must show: "(1) background circumstances that demonstrate that a particular employer has reason or inclination to discriminate invidiously against whites or evidence that there is something fishy about the facts at hand; (2) [s]he was performing h[er] job up to h[er] employer's

legitimate expectations; (3) [s]he suffered an adverse employment action; and (4) [s]he was treated less favorably than similarly-situated individuals who are not members of the protected class." *Henry v. Jones*, 507 F.3d 558, 564 (7th Cir. 2007)(internal quotations omitted)(quoting *Mills v. Health Care Service Corp.,* 171 F.3d 450, 457 (7th Cir. 1999)); *Rodgers v. White*, 657 F.3d 511, 517 (7th Cir. 2011)(explaining that Section 1981 and Title VII employ the same indirect method). If the plaintiff establishes a *prima facie* case, the burden shifts to the defendant to provide a legitimate nondiscriminatory reason for the action and if the defendant provides such a reason, the burden shifts to the plaintiff to show that the reason was a pretext. *Id.*

Caterpillar argues that Fischer has failed to point to evidence showing that there is something fishy about the facts at hand. Fischer was asked repeatedly during her deposition why Fischer thought she was being discriminated against because of her race, and she indicated that she did not know and that it was just her personal opinion. (Fischer Dep. 63-64, 117, 143-45). For example, asked why her bid for inspector in March of 2007 was rejected, Fischer stated: "I don't - - I don't have a clue what she was thinking." (Fischer Dep. 117). When Fischer was further asked about the reason for the decision "so you don't know?," Fischer responded "I don't know." (Fischer Dep. 117). Another example is that Fischer was asked about Dr. Matthew T. Neu (Neu), who placed the medical restrictions on Fischer. Fischer was asked whether she thought Neu's decisions relating to medical restrictions were based upon Fischer's race. (Fischer Dep. 63). Fischer responded "I can't say what

7

he was thinking." (Fischer Dep. 63). Fischer also indicated during her deposition that her belief that she was being discriminated against because of her race was based upon her opinion. (Fischer Dep. 145).

Subsequent to Fischer's deposition, and in response to the instant motion, Fischer has presented a supplemental affidavit in which Fischer contends that while she was working in the medical group at Caterpillar, she was told by an African American co-worker that the co-worker "would inform NAACP," if that co-worker was treated in a manner by Caterpillar similar to the treatment that Fischer received. (Fischer Aff. Par. 4). Based upon Fischer's affidavit, Fischer argues that there is something fishy about the facts in this case, contending that she has evidence that "[t]here was public pressure on Caterpillar" by the NAACP "to treat African-American employees differently than Fischer, and Caterpillar did so." (Ans. 5). The Seventh Circuit has questioned "'efforts to patch up a party's deposition with [her] own subsequent affidavit." *Jansen v. Tkaging Corp. of America*, 123 F.3d 490, 550-51 (7th Cir. 1997)(quoting *Russell v. Acme–Evans Co.,* 51 F.3d 64, 67 (7th Cir. 1995)). Although Fischer now contends in her affidavit that she had knowledge of facts that indicated why actions were taken against her because of her race, Fischer indicated otherwise during her earlier deposition. Fischer has failed to point to sufficient evidence to show that there was something fishy about the facts in this case that would indicate reverse discrimination. Fischer cannot repair the deficiencies in her testimony during her deposition by introducing new and different statements in an affidavit.

Fischer has also failed to identify similarly situated non-Caucasian employees that were treated more favorably than her. Although Fischer identifies certain co-workers, Fischer fails to show that the co-workers were evaluated by the same doctor or had similar medical problems. ® SF Par. 58-61). Fischer also admits that she lacks first-hand knowledge as to whether the co-workers she has identified had medical restrictions or what those restrictions were. ® SF Par. 58-61); (Fischer Dep. 65-74, 178-79). Further, Fischer has not pointed to evidence showing what positions the co-workers held when they were injured or had medical restrictions. ® SF Par. 58-61); (Fischer Dep. 176-79). Thus, Fischer has failed to meet her burden to point to other non-Caucasian workers who were similarly situated and were treated differently.

Finally, Caterpillar has provided legitimate nondiscriminatory reasons for its actions. Fischer has failed to point to evidence indicating that Caterpillar's reasons for its actions were a pretext for unlawful discrimination. Fischer indicated at her deposition that she has no idea why Neu placed the restrictions on Fischer. (Fischer Dep. 63). Fischer has not pointed to evidence indicating an animus against her because of her race. It is undisputed that Neu, who placed the medical restrictions on Fischer, is Caucasian, like Fischer. ® SF Par. 5). It is also undisputed that Neu reviewed Fischer's medical records and evaluated Fischer in numerous appointments during which Fischer complained of ongoing medical problems relating to her neck, back, upper extremities, ankles, feet, heart, and lungs. ® SF Par. 18-38, 40, 42-44). Fischer merely speculates that Neu, in placing medical restrictions on Fischer, was

engaging in some hidden scheme and lying in order to discriminate against Fischer because of her race. It is undisputed that Fischer is still employed by Caterpillar and has been employed by Caterpillar since 1973. ® SF Par. 1). It is also undisputed that Neu ultimately removed certain medical restrictions that were placed on Fischer, that Fischer was transferred to an inspector position in 2008, and that in 2009, she received a pay raise that put her at the top pay rate for that position. ® SF Par. 45, 52-53). It is apparent that Fischer disagrees with Neu's decisions as to medical restrictions, that Fischer was not eligible for certain jobs at certain junctures based on her medical conditions, and that Fischer did not receive pay increases in the rapidity she desired. However, none of those facts indicate a violation of Section 1981. Fischer has failed to point to sufficient evidence to show that she was being discriminated against because of her race. It is undisputed that Fischer does not recall anyone at Caterpillar ever making any comments to her relating to her race and that she never reported to her supervisor or to anyone in human resources that she believed she was being discriminated against because she is Caucasian. (R SF Par. 69). Even when considering all the evidence in its totality, Fischer has failed to point to sufficient evidence to indicate a pretext. Therefore, even if the Section 1981 race discrimination claim was timely, the court would grant Caterpillar's motion for summary judgment.

## CONCLUSION

Based on the foregoing analysis, Caterpillar's motion for summary judgment is granted.

 

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:  March 13, 2012